**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **RYAN SNOW**, individually and behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | **Case No.** |
| **GRID NORTH LOGISTICS LLC,** | **Jury Demanded** |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ryan Snow, individually and on behalf of all others similarly situated ("Plaintiff" and "Class Members" herein), brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.       NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct the conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.     Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act in that they failed to pay Plaintiff time and one-half Plaintiff's regular hourly rate (overtime pay) for working weekly hours worked in excess of 40 (overtime hours). Defendant misclassified Plaintiff as exempt from FLSA requirements and treated Plaintiff as an independent contractor basis with no regard to the number of hours Plaintiff actually worked. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3.     Plaintiff is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Plaintiff hereby consents to be a party in this action and Plaintiff's consent form is attached as "Exhibit 1."

4.     Plaintiff and Class Members are Defendants' current and former salaried employees who were misclassified as salaried employees and therefore not paid for all hours worked, including overtime hours.

5.     Defendant Grid North Logistics LLC ("Corporate Defendant") may be served with process through its Registered Agent of Service, Tyler Williams at 6524 Marsh Rd., Kingsley, MI 49649, or wherever its Agent may be found.

## III.     JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act.  29 U.S.C. § 201 et seq.  Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Venue is proper in this District because the events forming the basis of the suit occurred in this District, and one or more parties reside in this District.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    **Page - 2**

## IV.    COVERAGE

8.      At all material times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9.      At all times hereinafter mentioned, Defendant was an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

## V.    FACTUAL ALLEGATIONS

12.     Defendant does over $500,000.00 per year in business.

13.     Plaintiff was employed by Defendant during the three years prior to the filing of this suit through May of 2023 and was misclassified as an independent contractor.

14.     During the three-year period prior to this suit, Defendant has employed other individuals who performed similar job duties, such as delivering packages and fixing vehicles, who were not paid overtime compensation as required by the FLSA and were misclassified as independent contractors.

15.     Plaintiff was neither required to possess a professional degree nor to have obtained a particular educational level in order to be employed by Defendants in this capacity. Consequently, Plaintiff was not employed in a "professional" capacity as recognized by the FLSA. Plaintiff was not given actual authority to make business decisions or supervise two or more employees; therefore, and similarly, he was neither employed in an "administrative," "executive," nor any other "white collar capacity" for Defendant.

16.     During the weeks covered by this lawsuit, Plaintiff regularly worked in excess of 44 hours per week; however, Defendants did not pay Plaintiff time-and-one-half the regular rate of pay for all of these hours worked over 40 hours per week. Instead, Plaintiff was classified as an independent contractor. However,

- Defendant directly hired Plaintiff and controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

- Defendant determined Plaintiff's pay scale for services and hours worked without input from or negotiation with Plaintiff and putative class members.

- Plaintiff and class members were hired to work for Defendants for a continuous and ongoing period of time.

- Defendant required Plaintiff and class members to abide by their own internal rules and maintained the authority to discipline Plaintiff.

17.     Defendant has knowledge of the FLSA and its requirements but carried out this illegal pattern or practice of misclassifying Plaintiff and failing to pay overtime compensation to Plaintiff. Defendant did so knowingly, willfully, or with reckless disregard.

## VI.    COLLECTIVE ACTION ALLEGATIONS

18.     During the period from three years prior to the filing of this suit until the filing of this suit, Defendant employed other individuals in a similar capacity as Plaintiff in that they were also treated as independent contractors, required to regularly work overtime hours, and paid without regard for the number of compensable hours actually performed. Class Members regularly worked more than 40 hours in a workweek but did not receive overtime pay for overtime hours worked. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

19.     Defendant's failure to pay overtime compensation at the rates required by the FLSA and correctly classify employees results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.

20.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.  As misclassified employees, all Class Members, regardless of their precise job requirements or rates of pay, are entitled to all unpaid back wages and lawful overtime wages for overtime hours worked.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and facts are common to Plaintiff and the Class Members.

### VII.    CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21.     During the relevant period, Defendant violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay and failing to pay

**PLAINTIFF'S ORIGINAL COMPLAINT**                                              **Page - 5**

employees in excess of the lawful minimum wage. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

22.      WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rate allowed by law; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew McCarley*

**FORESTER HAYNIE PLLC**

**MATTHEW R. MCCARLEY**
Texas Bar No. 24041426
400 North Saint Paul Street, Suite 700,
Dallas, TX 75201
(214) 210-2100 phone
(469) 399-1070 fax
mccarley@foresterhaynie.com

**PLAINTIFF'S ORIGINAL COMPLAINT**                                      **Page - 6**

## <u>CERTIFICATE OF SERVICE</u>

The foregoing will be served on all Defendant along with the summons and in accordance with the Federal Rules of Civil Procedure.

<u>*/s/ Matthew McCarley*      </u>
**Matthew McCarley**